UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURLIN PENNICK, III, | ) |
| | ) |
| Petitioner, | ) CASE NO. C08-230-RAJ-JPD |
| | ) |
| v. | ) |
| | ) |
| JEFF UTTECHT, | ) REPORT AND RECOMMENDATION |
| | ) |
| Respondent. | ) |
| | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently in the custody of the Washington Department of Corrections pursuant to a 2003 judgment and sentence of the King County Superior Court. Petitioner seeks relief from his current confinement under 28 U.S.C. § 2254. Respondent has filed an answer to the petition together with relevant portions of the state court record. Petitioner has filed a traverse to respondent's answer. The briefing is complete and this matter is now ripe for review. This Court, having carefully reviewed the petition, the briefs of the parties, the state court record, and the applicable law, concludes that petitioner's federal habeas petition should be denied and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTUAL/PROCEDURAL BACKGROUND

The Washington Court of Appeals summarized the facts relevant to petitioner's convictions as follows:

> In late November 2001, Des Moines police officers were called to Highline Hospital to investigate a case of suspected child abuse. There, officers encountered C.P. and his mother Denise Barron. The officers noticed a number of injuries, markings and scars on 7-year-old C.P., including a broken leg and slashes that looked like C.P. had been whipped. Some of the marks looked fresh, others were older. The officers also saw burn marks. After interviewing C.P. and his mother, a detective sought out and arrested C.P.'s father, Curlin Pennick, III. He found Pennick with his daughter, D.P., and the detective noticed that D.P. had injuries as well, although less severe.
>
> Pennick denied any allegations of abuse or assault. He claimed he properly disciplined his children because they were doing and saying dangerous things, specifically whispering under his/her breath that "there's a man in here" and other comments while Pennick was trying to sleep. He later told the detective that C.P. suffered from a mental illness, especially when C.P. started "thinking he loves the devil."
>
> Pennick was charged with three counts of first degree assault of a child for injuries to his son C.P., and one count of third degree assault of a child for injuries to his daughter D.P.
>
> Before trial, the issue of Pennick's competency arose. Over time he was involuntarily sent to Western State Hospital for a number of evaluations. Trial was stayed several times. Pennick also claimed trust difficulties with appointed counsel and others. At least one expert psychologist testified that Pennick had a delusional disorder and lacked the capacity to assist in his defense. A subsequent evaluation found Pennick competent to stand trial. the court granted Pennick's request to proceed pro se, with stand-by counsel present.
>
> At trial, Barron, C.P. and D.P. testified regarding a number of incidents within the charging period where Pennick hit his children and abused them, including the incident in which C.P.'s leg was broken. Pennick hit him with a luggage rack about five times across his leg, causing the injury. The children also testified to a number of other incidents where they were hit with a brush, sticks, switches and burned with cigarettes and candles. C.P. discussed the time his father made him get into the bathtub where Pennick poured scalding water on him. Barron also recalled the incident with the luggage rack and the one where Pennick heated water in the microwave and poured it on C.P. Barron testified that Pennick beat the children because he believed they were possessed.

. . . .

> Pennick was convicted of 3 counts of first degree assault of a child and 1 count of third degree assault of a child as charged. At sentencing, the court imposed consecutive sentences of: 119, 108, and 108 months on the first degree assault counts, and a concurrent sentence of 12 months for the third degree assault count, for a total of 335 months.

(Dkt. No. 15, Ex. 3.)

Petitioner appealed his conviction and sentence to the Washington Court of Appeals. Petitioner, through counsel, identified two issues for review on appeal: (1) the trial court erred in giving the instructions for second degree assault of a child because they misstated the elements of that offense; and, (2) the sentencing court's imposition of consecutive sentences violated petitioner's Sixth Amendment right to a jury trial. (*See id*., Ex. 4.) Petitioner also appears to have submitted two pro se statements of additional grounds for review in which he identified a number of other claims. (*Id*., Exs. 5 and 6.)

On February 27, 2006, the Court of Appeals issued an unpublished opinion affirming petitioner's conviction and sentence. (*Id*., Ex. 3.) Petitioner thereafter sought reconsideration of the Court of Appeals' decision. (*See id*., Ex. 8.) The Court of Appeals denied petitioner's motion for reconsideration on April 10, 2006. (*Id*., Ex. 9.)

Petitioner next filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Ex. 10.) Petitioner did not present his claims to the Supreme Court in a particularly clear fashion. However, he appears to have argued that: (1) his stand-by counsel violated the attorney-client privilege by calling a defense psychologist to testify as an expert witness; (2) the prosecution was improperly allowed to comment on the assertion of the attorney-client privilege; and, (3) the trial court abused its discretion when it used petitioner's attorney's work product; *i.e.*, the defense psychologist's testimony, to find petitioner incompetent and to order petitioner to

REPORT AND RECOMMENDATION
PAGE - 3

undergo a ninety-day involuntary commitment. (Dkt. No. 15, Ex. 10.)

On December 6, 2006, the Supreme Court denied review without comment. (*Id.*, Ex. 11.) And, on December 27, 2006, the Court of Appeals issued its mandate terminating direct review. (*Id.*, Ex. 22.)

On December 26, 2006, petitioner filed a personal restraint petition in the Washington Supreme Court. (*Id.*, Ex. 13.) Petitioner presented two grounds for relief in his personal restraint petition: (1) he was denied a protected liberty interest when he was involuntarily committed to Western State Hospital for competency evaluations in the absence of a professional mental health diagnosis; and, (2) the prosecution was improperly allowed to comment on the assertion of the psychologist-client privilege and the attorney-client privilege. (*Id.*)

Petitioner's petition was transferred to the Washington Court of Appeals for consideration. (*See* Dkt. No. 6 at 36-37.) On April 30, 2007, the Acting Chief Judge of the Court of Appeals dismissed the petition on the ground that petitioner's claims had been considered and rejected on direct appeal. (Dkt. No. 15, Ex. 15.)

Petitioner filed a motion for discretionary review of the Court of Appeals' decision in the Washington Supreme Court. (*Id.*, Ex. 16.) Petitioner identified therein the following eight issues for review:

> ISSUE 1. Whether contrary to the decisions of the Court of Appeals, Division I, in rejecting Mr. Pennick's additional grounds for review, and dismissing his Habeas Petition without reaching the merits are contrary to federal law?
>
> ISSUE 2. Did the defendant's Sixth, and Fourteenth Amendments to the United States Constitution, were violated on May 24, 2002, when the trial court denied the defendant the assistance of counsel further committing probable error by ordering that defendant undergo fourteen (14)-day involuntary commitment to mental hospital with no articulated reason to support said commitment?
>
> ISSUE 3. Did the trial court commit probable error on July 1, 2002, by ordering that Mr. Pennick be returned to mental hospital for ninety (90)-day

REPORT AND RECOMMENDATION
PAGE - 4

involuntary commitment to be forced the administration of psychotropic drugs after being found competent on the fourteen (14)-day involuntary commitment, in violation the the [sic] Fourteenth Amendment to the United States Constitution?

ISSUE 4. Did the trial court abuse its discretion on February 3rd., and 5th., 2003, by denying the pro-se defendant his right to self-representation after two (2) Faretta colloquy [sic] based on stand-by counsel's claim that the pro-se defendant is incompetent, in violation the the [sic] Sixth Amendment to the United States Constitution, and Article 1, § 22, of the Constitution of the State of Washington?

ISSUE 5. Did Stand-by counsel on February 5, 2003, in insisting on a mental status defense, run the risk of inadvertently creating an involuntary State's witness, the private licensed psychologist, whom he hired for the defense team, in violation of the psychologist-client, and attorney-client privileges, in violation of the Fifth, and Sixth Amendment to the United States Constitution?

ISSUE 6. Did the trial court on February 5, 2003, violate the pro se defendant's speedy trial by using the attorney's work product, [Dr. Whitehill's testimony], to find the pro-se defendant incompetent, and ordering that he undergo ninety (90)-day involuntary commitment -- which amounted to basketball therapy?

ISSUE 7. Whether police violated the Fourth, Fifth, and Fourteenth Amendments to the Constitution, when, without probable cause, or warrant, brought the pro-se defendant's five-year old daughter to the police station at the time of his arrest, where the infant was held incommunicado, and interrogated in secret on a late-night inquisition further violating Article 1, § 7, of the Constitution of the State of Washington?

ISSUE 8. Did the State's key witness, Detective Thomas, commit perjury during the expired trial, in violation of the Fourteenth Amendment to the United States Constitution?

(Dkt. No. 15, Ex. 16 at 1-4.)

On October 26, 2007, the Supreme Court Commissioner issued a ruling denying review. (*Id*., Ex. 21.) Petitioner moved to modify the Commissioner's ruling, but that motion was also denied. (*Id*., Exs. 22-23.) The Washington Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on February 20, 2008. (*Id*., Ex. 24.) Petitioner now seeks federal habeas review of his convictions.

REPORT AND RECOMMENDATION
PAGE - 5

## GROUNDS FOR RELIEF

Petitioner identifies the following grounds for relief in his federal habeas petition:

GROUND ONE: The Decision of the Court of Appeals, Div. 1, in rejecting Petitioner's Additional Grounds For Review pursuant to RAP 10.10, without reaching merits, is contrary to federal law.

GROUND TWO: Denial the [sic] assistance of counsel.

GROUND THREE: The trial court committed probable error by ordering that defendant undergo 14-day involuntary commitment.

GROUND FOUR: Trial Court "shocked the conscience" by ordering that defendant be forced the administration of antipsychotics.

GROUND FIVE: Standby counsel, in insisting on a mental status defense, run [sic] the risk of inadvertently creating a involuntary State's witness, violating the psychologist-client privilege.

GROUND SIX: Conviction obtained in violation of speedy trial.

GROUND SEVEN: [C]onsolidated with GROUND SIX.

GROUND EIGHT: Conviction obtained as a result of illegal search and seizure by police, and in relation to GROUND EIGHT, conviction obtained as a result of perjured testimony by police.

(*See* Dkt. No. 6 at 4, 5, 6, 7 and 8b.)

## DISCUSSION

Respondent acknowledges in his answer that petitioner arguably exhausted his third, fourth, fifth, and eight rounds for relief. Respondent argues, however, that petitioner is not entitled to relief with respect to any of those claims. As to petitioner's third, fourth, and fifth grounds for relief respondent argues that the state courts reasonably denied those claims. As to petitioner's eighth ground for relief, respondent argues that that claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976). As to petitioner's first, second, sixth, and seventh grounds for relief, respondent

REPORT AND RECOMMENDATION
PAGE - 6

argues that petitioner failed to properly exhaust these claims because he failed to invoke one complete round of the state's established appellate review process as to those claims.

### Exhaustion and Procedural Default

It is well established that state remedies must first be exhausted as to all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b), (c). Exhaustion must be shown either by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id*.

A habeas petitioner who fails to meet a state's procedural requirements for presenting his federal claims deprives the state courts of the opportunity to address those claims in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Presenting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation of the claim for exhaustion purposes. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

As to petitioner's first ground for relief, respondent appears to argue that petitioner failed to properly exhaust this claim because he failed to raise the claim at all in the Washington Court of Appeals, and he failed to raise it as a federal constitutional claim in the Washington Supreme Court. Because petitioner's first ground for relief complains about the Court of Appeals' failure to properly consider his personal restraint petition, his failure to first present the claim to the Court of Appeals is arguably not fatal. However, respondent is correct that petitioner, in his argument to the Supreme Court, did not reference any specific constitutional provision with respect to this claim nor did he cite to any relevant federal case law. Accordingly, petitioner's first claim has not been properly exhausted.[1]

Respondent also asserts that petitioner failed to properly exhaust his second ground for relief in which he alleges that he was denied the effective assistance of counsel. Petitioner arguably presented his second ground for relief to the Court of Appeals on direct appeal in one of his statements of additional grounds. (*See* Dkt. No. 15, Ex. 6 at 1-3.) However, petitioner did not present the claim to the Washington Supreme Court in his petition for review on direct appeal. In his motion for discretionary review in his personal restraint proceedings, petitioner alleged facts which appear related to this claim, but he never specifically alleged a federal constitutional ineffective assistance of counsel claim based on these facts. As petitioner never presented his ineffective assistance of counsel claim to the Washington Supreme Court as a claim implicating federal constitutional concerns, that claim has not been properly exhausted.

---

[1] In fact, the exhaustion issue as to petitioner's first ground for relief is effectively rendered moot by petitioner's concession in his traverse to respondent's answer that ground one does not state a federal constitutional claim and is therefore not cognizable on federal habeas review.

REPORT AND RECOMMENDATION
PAGE - 8

Finally, respondent asserts that petitioner failed to properly exhaust his sixth and seventh grounds for relief in which petitioner alleges that his speedy trial rights were violated. Again, petitioner arguable presented a speedy trial claim to the Court of Appeals on direct appeal in one of his statements of additional grounds presented on direct appeal. (*See* Dkt. No. 15, Ex. 6 at 13-14 and 38-42.) However, petitioner did not present the claim to the Washington Supreme Court in his petition for review on direct appeal. In his motion for discretionary review in his personal restraint proceedings, petitioner again alleged a violation of his speedy trial rights, but he never specifically identified any federal constitutional basis for the claim. As petitioner never presented his speedy trial claim to the Washington Supreme Court as a claim implicating federal constitutional concerns, that claim has not been properly exhausted.

This Court is satisfied, based upon its review of the record, that petitioner has not properly exhausted his first, second, sixth, or seventh grounds for federal habeas relief. When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman*, 501 U.S. at 735 n. 1.

Respondent argues that petitioner, having failed to properly exhaust the above noted claims, would now be barred from presenting those claims to the state courts under RCW 10.73.090 (time bar), and RCW 10.73.140 (successive petition bar). RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Petitioner's conviction became final for purposes of state law on December 27, 2006, the date the Court of Appeals issued its mandate terminating direct review. It therefore appears clear that petitioner would now be time barred from

REPORT AND RECOMMENDATION
PAGE - 9

returning to the state courts to present his unexhausted claims. *See* RCW 10.73.090. In addition, because petitioner has previously presented a personal restraint petition to the state courts, the state courts are unlikely to entertain another such petition from petitioner. *See* RCW 10.73.140.

Based upon the foregoing, this Court concludes that petitioner has procedurally defaulted on his first, second, sixth, and seventh grounds for federal habeas relief. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

## Cause and Prejudice

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Petitioner fails to establish that any factor external to the defense prevented him from complying with the state's procedural rules. Because petitioner has not met his burden of

REPORT AND RECOMMENDATION
PAGE - 10

demonstrating cause for his procedural default, this Court need not determine whether petitioner carried his burden of showing actual prejudice. *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no colorable showing of actual innocence. Petitioner therefore fails to demonstrate that his first, second, sixth, and seventh grounds for relief are eligible for federal habeas review. Accordingly, this Court recommends that petitioner's federal habeas petition be denied with respect to those four claims.

## Standard of Review for Exhausted Claims

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

In addition, if a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### Ground Three: Involuntary Commitment

Petitioner asserts in his third ground for federal habeas relief that the trial court improperly committed him to the Western State Hospital for a 14-day evaluation to determine if he was competent to stand trial. Petitioner does not allege in his petition that the trial court's actions in regard to the 14-day competency evaluation violated his federal constitutional rights. In fact, petitioner's claim appears to be based solely on his belief that the trial court failed to comply with state law in committing him for purposes of a competency evaluation. (Dkt. No. 6 at 6.)

Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). And, it is not the province of federal habeas courts to re-examine state court conclusions regarding matters of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191 (1994). Thus, any claim that the trial court failed to comply with procedures mandated by state law before ordering petitioner to undergo a competency evaluation is not cognizable in this federal habeas proceeding.

Assuming petitioner's intent is to allege that the trial court improperly deprived him of his liberty when it committed him to Western State Hospital for a competency evaluation, petitioner's third ground for relief still fails. Nothing in the record suggests that the challenged commitment, which commenced and expired in 2002, had any impact on petitioner's current sentence. Thus, petitioner is not in custody for purposes of challenging that commitment. *See Brock v. Weston*, 31 F.3d 887 (1994).

REPORT AND RECOMMENDATION
PAGE - 12

As petitioner presents no cognizable claim for relief pertaining to his 14-day involuntary commitment, petitioner's federal habeas petition should be denied with respect to his third ground for relief.

### Ground Four: Forced Administration of Anti-Psychotics

Petitioner asserts in his fourth ground for federal habeas relief that the trial court erred in ordering that he be administered anti-psychotic drugs against his will after he had been found competent to stand trial. Again, petitioner alleges no federal constitutional violation. Assuming he had, however, petitioner would not be entitled to relief in these proceedings because there is no evidence in the record that the trial court, in fact, ever ordered that petitioner be administered anti-psychotic drugs. Petitioner's fourth ground for federal habeas relief should therefore be denied.

### Ground Five: Violation of Psychologist-Client Privilege

Petitioner's fifth ground for relief is not entirely clear. However, the gist of the claim appears to be that a psychologist hired by the defense was improperly called to testify at a pre-trial competency hearing. Petitioner suggests that the psychologist's testimony violated the patient-psychologist privilege to which he was entitled.

This claim arises out of a competency hearing conducted by the trial court on February 5, 2003. The trial court, having doubt about petitioner's competency to stand trial, asked that the defense psychologist, Dr. Mark Whitehill, testify at the competency hearing. (*See* Dkt. No. 15, Ex. 31 at 5-6.) Before Dr. Whitehill testified, the trial court made clear that nothing testified to by Dr. Whitehill during the course of the competency hearing could be used by the prosecution at petitioner's trial. (*Id.*, Ex. 31 at 10-11.) At the hearing, the court asked Dr. Whitehill for his opinion regarding petitioner's competency to stand trial. (*Id.*, Ex. 31 at 12.) Dr. Whitehill, testified that he had serious concerns in that regard, specifically with respect to petitioner's ability

REPORT AND RECOMMENDATION
PAGE - 13

to assist in his own defense. (Dkt. No. 15, Ex. 31 at 12.) Based on the testimony of Dr. Whitehill, the trial court found that petitioner was not competent to stand trial and ordered that petitioner be committed to the Department of Social and Health Services for ninety days for purposes of competency evaluation and restoration. (*Id*., Ex. 31 at 46.)

The issue of whether the trial court violated come privilege to which petitioner was entitled under state law when it directed Dr. Whitehill to testify at the competency hearing is not cognizable in this federal habeas proceeding because that issue does not implicate federal constitutional concerns. *See Lewis*, 497 U.S. at 780.

Petitioner suggests in his traverse to respondent's answer that Dr. Whitehill's testimony violated his privilege against self-incrimination and therefore violated his Fifth and Fourteenth Amendment rights. However, it is clear from the record that Dr. Whitehill's testimony was used only to determine petitioner's competency to stand trial, it was not admitted against petitioner at trial. That Dr. Whitehill's testimony may have been used by the trial court to justify petitioner's pre-trial commitment to Western State Hospital has no bearing on the validity of petitioner's current confinement. Accordingly, petitioner's federal habeas petition should be denied with respect to his fifth ground for relief.

### Ground Eight: Illegal Search and Seizure

Petitioner asserts in his eighth ground for relief that his conviction was obtained as a result of an illegal search and seizure by police and as a result of perjured testimony by police. Underlying these claims is petitioner's belief that police abducted his five-year-old daughter, brought her to the police station at the time of petitioner's arrest, and subjected her to a secret late night interrogation. (*See* Dkt. No. 18 at 13.) Petitioner maintains that the evidence obtained from his daughter during this illegal search and seizure should have been suppressed prior to trial.

REPORT AND RECOMMENDATION
PAGE - 14

Respondent argues that petitioner's illegal search and seizure claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), because petitioner had a full and fair opportunity to litigate his claim in the state court. It appears that petitioner did, in fact, have a full and fair opportunity to litigate the illegal search and seizure claim in the state courts. However, even if, as petitioner argues, he did not have the opportunity to fully litigate the claim, his federal habeas claim still must fail. Assuming that police conduct in relation to petitioner's daughter rose to the level of a Fourth Amendment violation, it was the daughter's rights which were violated and not petitioner's. Petitioner may not obtain relief from his own conviction based upon an alleged violation of his daughter's Fourth Amendment rights.

Petitioner also asserts that the police committed perjury during his trial, apparently with respect to the alleged illegal search and seizure of petitioner's daughter. However, petitioner offers no clear explanation of what he believes the perjured testimony to be nor does he offer any explanation of how such testimony impacted the outcome of his trial. Petitioner thus fails to allege a viable ground for federal habeas relief. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (Federal habeas relief is available on if a claimed error "had a substantial and injurious effect or influence in determining the jury's verdict.")

Because petitioner has alleged no viable basis for federal habeas relief in his eighth ground for relief, petitioner's federal habeas petition should be denied with respect to that claim.

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of August, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge